IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quincy J. Allen,<br><br>               Petitioner,<br><br>v.<br><br>Willie D. Davis, *Warden, Kirkland Reception and Evaluation Center*,<br><br>               Respondent. | Case No.: 0:18-mc-00196-RBH-PJG<br><br>**ORDER GRANTING STAY<br>OF EXECUTION** |

This matter is before the Court on Petitioner's Motion for Stay of Execution and Appointment of Counsel, which was filed on May 25, 2018. (ECF No. 1.) Also pending is Petitioner's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 5.) Respondent filed a response in support of Petitioner's motion on May 31, 2018 (ECF No. 6), and Petitioner filed a reply on June 4, 2018 (ECF No. 7).

### I.    Motion for Stay of Execution

Petitioner, a state prisoner sentenced to death, is scheduled to be executed on June 22, 2018. (ECF No. 1.) Respondent does not oppose Petitioner's motion to stay his execution, but notes the stay should be limited to ninety days pursuant to 28 U.S.C. § 2251(a)(3). (ECF No. 6 at 1, 6.)

A federal court has jurisdiction to stay state court proceedings when a state prisoner sentenced to death applies for appointment of counsel pursuant to 28 U.S.C. § 3599. *See* 28 U.S.C. § 2251(a)(3); *McFarland v. Scott*, 512 U.S. 849, 858 (1994) ("[O]nce a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution."). Petitioner has moved for the appointment of counsel under § 3599. (*See* ECF No. 1 at 2–7.) Accordingly, this Court has the authority to grant a stay of execution. Section 2251(a)(3) provides that the stay "shall terminate" not more than ninety days after the appointment of counsel

or after the application for appointment is withdrawn or denied. Section 2251(a)(1) gives the Court additional authority to further stay state proceedings for a pending habeas corpus proceeding.

Having carefully reviewed the briefing and relevant authority, the Court will grant Petitioner a stay of execution. The stay shall terminate ninety days after the appointment of counsel or after the application for appointment of counsel is withdrawn or denied, as required by 28 U.S.C. § 2251(a)(3). Therefore, prior to the expiration of the ninety-day stay of execution, Petitioner must seek a longer stay of execution pursuant to 28 U.S.C. § 2251(a)(1) in order to allow this Court to rule on the merits of the habeas petition. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) ("If the district court cannot dismiss the petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot.").

II.     **Motion for Appointment of Counsel and Motion to Proceed** *in forma pauperis*

The Court will refer Petitioner's motions to appoint counsel and to proceed *in forma pauperis* (ECF Nos. 1 & 5) to the assigned United States Magistrate Judge for disposition.

**Conclusion**

For the foregoing reasons, the Court

    (1) **GRANTS** Petitioner's Motion for Stay of Execution (ECF No. 1), which shall expire ninety days from the date that counsel is appointed, pursuant to 28 U.S.C. § 2251(a)(3);

    (2) **ORDERS** Petitioner to file his habeas petition within the ninety-day stay of execution;[1]

    (3) **DIRECTS** the Clerk to notify the undersigned to review the stay of execution twenty days before the expiration of the ninety-day stay of execution;

---

[1] Before the expiration of the ninety-day stay of execution, Petitioner must seek a longer stay of execution pursuant to 28 U.S.C. § 2251(a)(1) in order to allow this Court to rule on the merits of the habeas petition.

(4) **DIRECTS** the Clerk to assign a civil action number to this case;

(5) **REFERS** this matter to the assigned United States Magistrate Judge for all preliminary proceedings, including Petitioner's motions to appoint counsel and to proceed *in forma pauperis* (ECF Nos. 1 & 5).[2]

**IT IS SO ORDERED.**

Florence, South Carolina  
June 7, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[2] Petitioner's initial petition (i.e., the one that he must file within ninety days) will be a "placeholder" petition. The Magistrate Judge will separately enter a scheduling order setting forth, *inter alia*, the deadline for Petitioner to file an amended petition.