IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Quincy J. Allen, | ) | Case No. 0:18-cv-01544-DCC-PJG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Willie D. Davis, *Warden, Kirkland Reception and Evaluation Center*, | ) | |
| Respondent. | ) | |

The petitioner, Quincy J. Allen ("Petitioner"), is a state prisoner sentenced to death. This matter is before the court on Petitioner's request for counsel (ECF No. 1) and motion to proceed *in forma pauperis* (ECF No. 5).[1] Respondent has filed a response (ECF No. 6), to which Petitioner replied (ECF No. 7).

**Motion for Leave to Proceed *In Forma Pauperis***

Petitioner has filed a motion for leave to proceed *in forma pauperis*, together with an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO-240). The court has reviewed these submissions and finds Petitioner has shown that he is indigent and qualifies to proceed *in forma pauperis* in this case. Accordingly, the court GRANTS Petitioner's motion to proceed *in forma pauperis* (ECF No. 5).

**Motion for Appointment of Counsel**

Pursuant to 18 U.S.C. § 3599(a)(2), indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" to pursue federal habeas corpus remedies. Further, "the right

---

[1]Petitioner also moved for a stay of execution (ECF No. 1), which the court granted on June 7, 2018 (ECF No. 8).



to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." McFarland v. Scott, 512 U.S. 849, 858 (1994). Thus, § 3599 contemplates the appointment of qualified counsel prior to the filing of a petition for writ of habeas corpus. In addition, § 3599 sets forth the required qualifications for appointed counsel in capital cases:

> (c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.
>
> (d) With respect to subsection[] . . . (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

Further, this District has a plan for implementing the Criminal Justice Act, which also governs the qualifications for appointed counsel in federal capital habeas corpus proceedings. See In re Amendments to the Plan of the United States District Court for the District of South Carolina for Implementing the Criminal Justice Act, No. 3:18-mc-00199-CIV (D.S.C. June 1, 2018) ("CJA Plan"). Pursuant to the CJA Plan, this District maintains a panel of qualified attorneys available to represent indigent defendants. In recognizing the particular complexity of capital cases, the CJA Plan instructs the court, where appropriate, to utilize the expert services available through the Administrative Office of the United States ("AO"), which include capital habeas units and federal community defender offices. CJA Plan § XIV(B)(4). In addition, "[a]ll attorneys appointed in federal capital cases must be well qualified, by virtue of their training, commitment, and distinguished prior capital defense experience at the relevant stage of the proceeding, to serve as

counsel in this highly specialized and demanding litigation." Id. § XIV(B)(6). And, "[a]ll attorneys appointed in federal capital cases must have sufficient time and resources to devote to the representation, taking into account their current caseloads and the extraordinary demands of federal capital cases." Id. § XIV(B)(7).

Regarding appointment of counsel in capital § 2254 cases specifically, the CJA Plan offers the following guidance:

> . . . .
>
> 3. Out-of-District Counsel, including federal defender organization staff, who possess the requisite expertise may be considered for appointment as co-counsel in § 2254 cases to achieve cost and other efficiencies together with high quality representation.
>
> . . . .
>
> 6. Counsel in capital § 2254 cases should have distinguished prior experience in the area of federal post-conviction proceedings and in capital post-conviction proceedings.
>
> 7. When possible, capital § 2254 counsel should have distinguished prior experience in capital § 2254 representations.
>
> 8. In evaluating the qualifications of proposed capital § 2254 counsel, consideration should be given to the qualification standards endorsed by bar associations and other legal organizations regarding the quality of legal representation in capital cases.
>
> 9. In evaluating the qualifications of proposed capital § 2254 counsel, consideration should be given to proposed counsel's commitment to the defense of capital cases, their current caseload including other capital cases, and their willingness to represent effectively the interests of the client.

CJA Plan § XIV(F).

Petitioner requests that the court appoint E. Charles Grose, Jr., an attorney in Greenwood, South Carolina, and active member of the CJA panel, and the Federal Community Defender Office for the Eastern District of Pennsylvania ("FCDO"). (See ECF No. 1 at 1.)

Mr. Grose has been licensed to practice before this court since 1994 and is currently counsel on two other capital habeas matters and a number of capital post-conviction relief ("PCR") matters in state court. He was approved as lead counsel on this court's former CJA Death Penalty Panel Attorney List[2] and is certified by the South Carolina Supreme Court to serve as lead counsel in capital cases. In addition, Mr. Grose regularly attends death penalty training seminars.

The FCDO is a recognized community defender organization under 18 U.S.C. § 3006(A) and includes a specialized Capital Habeas Unit ("CHU"). The FCDO has been representing death-sentenced prisoners in federal courts since 1995 and Shawn Nolan, CHU supervisor, has worked exclusively on capital post-conviction cases for fifteen years.

Based on the foregoing, the court finds Mr. Grose and the FCDO qualified to represent Petitioner under § 3599 and appoints Mr. Grose as lead counsel and the FCDO as second-chair counsel in this matter. Respondent does not oppose appointment of Petitioner's requested counsel, but notes a potential conflict of interest under Juniper v. Davis, 737 F.3d 288 (4th Cir. 2013),[3] because Petitioner's PCR counsel "actively sought and selected" Mr. Grose and the FCDO for appointment in this action. (ECF No. 6 at 7.) Respondent also notes Mr. Grose is currently co-counsel with Petitioner's PCR counsel in an unrelated case in state court. (ECF No. 6 at 7 n.6.) The

---

[2] The amended CJA Plan no longer calls for a separate death penalty panel.

[3] In Juniper, the Fourth Circuit held that a capital habeas petitioner is entitled to the appointment of qualified, independent counsel for the purpose of investigating any potential claims pursuant to Martinez v. Ryan, 566 U.S. 1 (2012).

Page 4 of 7



court finds these potential conflicts to be speculative and tenuous at best, but, in an abundance of caution, appoints a third qualified, entirely independent attorney to represent Petitioner.

Cameron B. Littlejohn, Jr., has been admitted to practice before this court since 1975 and has been an active member of the CJA Panel. He has served on numerous criminal matters and was approved as lead counsel on this court's former CJA Death Penalty Panel Attorney List. He is qualified under § 3599 and, further, Mr. Littlejohn has represented that he has no professional or personal affiliation with any of Petitioner's prior counsel. The court finds Mr. Littlejohn has the experience and interest to effectively represent Petitioner in this matter and appoints him as second-chair counsel. Mr. Littlejohn's appointment extends to all issues in this matter, but should specifically focus on any issues properly raised under Martinez v. Ryan, 566 U.S. 1 (2012).

Counsel are reminded that by accepting appointment they are indicating their willingness and availability to represent Petitioner to the full extent of their professional ability in all phases of this matter. The FCDO shall apply for admission *pro hac vice* upon receipt of this order in accordance with this District's Local Rules. See Local Civ. Rule 83.I.05(A). Upon admission, the FCDO is subject to this District's ethics rules and court orders, see, e.g., Local Civ. Rule 83.I.05(B) (D.S.C.), and will be expected to attend all court proceedings unless excused for good cause.

**Cost Containment and Budgeting**

Counsel shall file, *ex parte*, a confidential proposed litigation budget within thirty (30) days of their appointment. In preparing their budget, counsel should consult with Larry M. Dash, Fourth Circuit Case Budgeting Attorney.

The court cautions counsel that duplication of efforts and unnecessary attorney time are to be avoided. The court has reviewed recently approved capital habeas budgets and, in accordance

with those amounts and considering the availability of the FCDO's resources, the court encourages counsel to contain expenses and fees in this matter to $125,000.00 to the extent they can do so without detracting from the constitutionally required quality of their representation.

Mr. Grose and Mr. Littlejohn shall submit interim payment vouchers every sixty (60) days to Claire Woodward O'Donnell, Panel Administrator, Federal Public Defender's Office, for payment consideration and so that costs and fees may be monitored. Mr. Grose, as lead counsel, shall be compensated at a rate of $188.00 per hour and Mr. Littlejohn, as second chair counsel, shall be compensated at a rate of $140.00 per hour.

### State Court Record

For the court's reference and for case management purposes, counsel for Respondent are directed to file a complete record of all state court proceedings to date in connection with this matter within thirty (30) days of this order. Additionally, counsel shall provide one courtesy copy each to the assigned District Judge and Magistrate Judge.

### Petition and Scheduling

In accordance with 28 U.S.C. § 2251(a)(3) and this court's order granting Petitioner's motion for stay of execution (ECF No. 8), Petitioner shall file a petition for a writ of habeas corpus within ninety (90) days of this order appointing counsel. Petitioner shall then have until the expiration of the one year limitation period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to amend his petition. See 28 U.S.C. § 2244(d). Any response, briefing, or motions directed to the merits of the petition shall be suspended until after that time. After Petitioner amends his petition or his time to do so expires, this court will impose response and briefing deadlines in a scheduling order.



Accordingly, the court orders the following:

1. Petitioner's motion to appoint counsel (ECF No. 1) is GRANTED, the court appoints E. Charles Grose, Jr., Esquire as lead counsel. In addition, Cameron B. Littlejohn, Jr., Esquire and the Federal Community Defender Office for the Eastern District of Pennsylvania are appointed as second chair counsel.

2. Petitioner's motion to proceed *in forma pauperis* (ECF No. 5) is GRANTED;

3. Petitioner's counsel shall file a confidential proposed litigation budget within thirty (30) days of this order;

4. Respondent's counsel shall file a complete record of state court proceedings related to this matter within thirty (30) days of this order;

5. Petitioner shall file a petition for a writ of habeas corpus within ninety (90) days of this order; and

6. Petitioner shall file any amended petition, including but not limited to issues properly raised pursuant to Martinez v. Ryan, by the expiration of the limitations period prescribed by AEDPA. Further amendments to the petition beyond that date will be granted only for good cause shown. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

**IT IS SO ORDERED.**

June 12, 2018  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE