# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Quincy J. Allen, | ) | C/A No. 0:18-1544-DCC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Willie D. Davis, *Warden, Kirkland* | ) | |
| *Correctional Institution*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This capital habeas matter is before the court on Petitioner Quincy J. Allen's motion to modify the briefing schedule. (ECF No. 41).

On June 12, 2018, the court appointed counsel in this matter, directed Respondent to file a complete copy of the state court record within thirty days, and directed Petitioner to file an amended petition by the expiration of the one-year limitation period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996. (ECF No. 13 ("June 2018 Order")). In addition, the court instructed that "[a]ny response, briefing, or motions directed to the merits of the petition shall be suspended until that time." Id. at 6. On July 12, 2018, Respondent filed numerous state court records. (See ECF Nos. 19-23). On May 15, 2019, Allen filed his Amended Petition. (ECF No. 39). The court then issued a scheduling order regarding dispositive motions and responsive briefing. (ECF No. 40). Petitioner now moves to modify the briefing schedule. (ECF No. 41). Having been fully briefed (see ECF No. 44), that motion is ready for disposition.

Petitioner asserts the June 2018 Order prohibited him from moving for discovery or filing a supportive memorandum with his amended petition.[1]  (ECF No. 41 at 2-4).  In addition, he maintains Respondent has not filed a complete copy of the state court record.  Id. at 2.  Petitioner requests:  (1) a renewed deadline for Respondent to file a complete copy of the state court record, (2) a deadline for the filing of a memorandum of law in support of the amended petition, (3) an additional deadline for the filing of a reply in support of the amended petition after Respondent files a return, and (4) a deadline for the filing of a discovery motion.  Id. at 2-4.

Respondent asserts that (1) the current scheduling order accounts for Petitioner's briefing concerns, (2) it appears Petitioner has already filed any missing records along with his amended petition, and (3) pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner may file a motion for discovery, even after filing his amended petition.  (ECF No. 44 at 1-2).

The court grants Petitioner's motion to the extent he requests a specific deadline for filing a sur-reply. The court denies Petitioner's remaining requests, concluding that they would result in excessive and unnecessarily redundant briefing and that the current schedule, as modified herein, will allow both parties to amply address the legal issues.  If Petitioner believes portions of the state court record still have not been filed in this matter, either by him or Respondent, he is directed to submit a letter within seven days of this order describing the missing documents. If Petitioner seeks discovery, he may proceed in accordance with Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] The court disagrees with Petitioner's construction of its order but need not address this issue in light of its ruling herein.



Accordingly, Petitioner's motion to modify the briefing schedule (ECF No. 41) is granted in part and denied in part, and the following schedule is established for this case:

1.  Respondent shall file a return to the petition and any dispositive motions by July 15, 2019;

2.  Petitioner shall have 60 days to file a response to any dispositive motions filed by Respondent;

3.  Respondent shall have 21 days from the date of Petitioner's response to file a reply, if any; and

4.  Petitioner shall have 14 days from the date of Respondent's reply to file a sur-reply, if any.

The parties are instructed to work diligently to meet these deadlines.

**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 27, 2019
Columbia, South Carolina